Argued July 3, affirmed July 25, 1962

## BENNETT *v.* DAMASCUS REV-IN-RIDE, INC.

373 P. 2d 656

*John C. Anicker,* Oregon City, argued the cause for appellant. On the briefs were Jack, Goodwin & Anicker, Oregon City.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and Wayne Hilliard, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

Plaintiff was injured when he was a spectator at a "go-kart" race track operated by defendant. In this action to recover damages for his injury, he received a jury verdict and judgment entered thereon. Defendant appeals.

When plaintiff was injured he was standing near the edge of the track. The track itself was about one-quarter mile in length. It was paved and built to specifications made by a national association of persons interested in racing these small cars. Plaintiff was near a curve which was located at the end of a straightaway portion of the track. A go-kart owned by defendant and driven by a son of the president of defendant-corporation was making a time run on the track. His car left the track and struck plaintiff. It was learned afterwards that the kart left the track because of a defective steering mechanism.

In addition to operating the track, defendant also maintained facilities for the sale and repair of these small vehicles. Defendant also operated a concession stand where various items of refreshments were sold to the customers attending the track functions. There were a few crude bleachers for spectators to use at a place removed from where plaintiff was standing when he was hurt. Immediately close to where plaintiff was were picnic tables and benches and chairs.

The first assignment of error is directed at instructions given by the court in which the term "invitee and licensee" were defined. Defendant concedes, however, that if the evidence would support a finding,

as a matter of law, that plaintiff was an invitee then there could have been no error in the instructions. We think the evidence clearly warrants such a finding.

Although defendant's business was unique, it was as much interested in attracting patrons to its premises as any merchant or other place of business would be. The place was designed to attract families to come to the events. The promotion of the sale of the machines and the later use thereof on the track could best be done by attracting as many people to the place as could be done. At the time of the accident, plaintiff was there with his father for the purpose of watching and aiding a younger brother who was using the track. A charge was made for the use of the track and persons interested in this form of recreation were invited to, and did, come to use the track for practice in race track driving and for pleasure. When persons used the track for practice it was customary to have someone else along to check the driver's time. It was open daily. On alternate Sundays races were held which attracted sizable crowds. The concession stand and other facilities were utilized to encourage patronage by all interested persons; to make profits and arouse interest in the go-kart hobby. It appears to us that plaintiff was on the premises for the exact reasons defendant intended its business to be used for. We can see little other than the peculiar nature of this particular activity to distinguish this from any other place of business that profits by attracting persons to its premises. We, therefore, hold that plaintiff was an invitee within the scope of *Briggs v. John Yeon Co.*, 1942, 168 Or 239, 122 P2d 444, and *Lavitch v. Smith*, 1960, 224 Or 498, 356 P2d 531.

The second assignment alleges error in the failure of the trial court to direct a verdict for defendant.

The evidence was for the jury to weigh, both as to alleged acts of negligence on the part of defendant and as to claimed contributory negligence of plaintiff. The conflicts in the evidence alone would have precluded court determination.

Judgment affirmed.